UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALBESSA ESPINOSA,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>MARTIN O'MALLEY,<br>COMMISSIONER OF SOCIAL<br>SECURITY,[1]<br><br>　　　　　　Defendant. | Case No.  1:22-cv-01586-HBK<br><br>ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT, DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT, AND REMANDING CASE TO COMMISSIONER OF SOCIAL SECURITY[2]<br><br>(Doc. Nos.  13, 17) |

Albessa Espinosa ("Plaintiff") seeks judicial review of a final decision of the Commissioner of Social Security ("Commissioner" or "Defendant") denying her application for disability insurance benefits under the Social Security Act.  (Doc. No. 1).  The matter is currently before the Court on the parties' briefs, which were submitted without oral argument.  (Doc. Nos. 13, 17-18).  For the reasons set forth more fully below, the Court grants Plaintiff's motion for summary judgment, denies Defendant's cross motion for summary judgment, and remands the

---

[1] The Court has substituted Martin O'Malley, who has been appointed the Acting Commissioner of Social Security, as the defendant in this suit.  *See* Fed. R. Civ. P. 25(d).

[2] Both parties have consented to the jurisdiction of a magistrate judge in accordance with 28 U.S.C. §636(c)(1).  (Doc. No. 9).

matter to the Commissioner of Social Security for further administrative proceedings.

## I. JURISDICTION

Plaintiff protectively filed for disability insurance benefits on January 15, 2020, alleging an onset date of January 3, 2019. (AR 223-26). Benefits were denied initially (AR 63-74, 88-91), and upon reconsideration (AR 75-87, 99-104). Plaintiff appeared before an Administrative Law Judge ("ALJ") on November 30, 2021. (AR 30-62). Plaintiff was represented by counsel, and testified at the hearing. (*Id*.). On December 27, 2021, the ALJ issued an unfavorable decision (AR 12-29), and on October 14, 2022 the Appeals Council denied review. (AR 1-6). The matter is now before this Court pursuant to 42 U.S.C. § 1383(c)(3).

## II. BACKGROUND

The facts of the case are set forth in the administrative hearing and transcripts, the ALJ's decision, and the briefs of Plaintiff and Commissioner. Only the most pertinent facts are summarized here.

Plaintiff was 39 years old at the time of the hearing. (AR 37). She has an associate's degree in general education. (AR 38-39). She lives with her husband and three children. (AR 37-38). Plaintiff has work history as instructional aide, office manager, supervisor of education, and payroll clerk. (AR 41-47, 55-56). Plaintiff testified that she stopped working because her back would "go out" and she missed work all the time. (AR 40). She reported she cannot wash dishes for more than 5 minutes, she can cook for 10-15 minutes before she needs to take a break because of pain in her back and her right wrist, and sitting for more than 5-10 minutes causes sciatic pain. (AR 49, 52). Since her right wrist surgery three months prior to the hearing, Plaintiff reports items are falling out of her hand, she uses a wrist brace, and she cannot lift more than two pounds with her right hand. (AR 49-51). Plaintiff testified that she has problems reaching straight in front of her, and reaching overhead is "worse." (AR 51). She has a spinal cord stimulator for back pain, and she gets epidural injections in her back every three months that lasts for two to three weeks. (AR 52-53).

////

////

### III.  STANDARD OF REVIEW

A district court's review of a final decision of the Commissioner of Social Security is governed by 42 U.S.C. § 405(g). The scope of review under § 405(g) is limited; the Commissioner's decision will be disturbed "only if it is not supported by substantial evidence or is based on legal error." *Hill v. Astrue*, 698 F.3d 1153, 1158 (9th Cir. 2012). "Substantial evidence" means "relevant evidence that a reasonable mind might accept as adequate to support a conclusion." *Id*. at 1159 (quotation and citation omitted). Stated differently, substantial evidence equates to "more than a mere scintilla[,] but less than a preponderance." *Id.* (quotation and citation omitted). In determining whether the standard has been satisfied, a reviewing court must consider the entire record as a whole rather than searching for supporting evidence in isolation. *Id.*

In reviewing a denial of benefits, a district court may not substitute its judgment for that of the Commissioner. "The court will uphold the ALJ's conclusion when the evidence is susceptible to more than one rational interpretation." *Tommasetti v. Astrue*, 533 F.3d 1035, 1038 (9th Cir. 2008). Further, a district court will not reverse an ALJ's decision on account of an error that is harmless. *Id*. An error is harmless where it is "inconsequential to the [ALJ's] ultimate nondisability determination." *Id*. (quotation and citation omitted). The party appealing the ALJ's decision generally bears the burden of establishing that it was harmed. *Shinseki v. Sanders*, 556 U.S. 396, 409-10 (2009).

### IV.  FIVE-STEP SEQUENTIAL EVALUATION PROCESS

A claimant must satisfy two conditions to be considered "disabled" within the meaning of the Social Security Act. First, the claimant must be "unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 423(d)(1)(A). Second, the claimant's impairment must be "of such severity that he is not only unable to do his previous work[,] but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. § 423(d)(2)(A).

The Commissioner has established a five-step sequential analysis to determine whether a claimant satisfies the above criteria. See 20 C.F.R. § 404.1520(a)(4)(i)-(v). At step one, the Commissioner considers the claimant's work activity. 20 C.F.R. § 404.1520(a)(4)(i). If the claimant is engaged in "substantial gainful activity," the Commissioner must find that the claimant is not disabled. 20 C.F.R. § 404.1520(b).

If the claimant is not engaged in substantial gainful activity, the analysis proceeds to step two. At this step, the Commissioner considers the severity of the claimant's impairment. 20 C.F.R. § 404.1520(a)(4)(ii). If the claimant suffers from "any impairment or combination of impairments which significantly limits [his or her] physical or mental ability to do basic work activities," the analysis proceeds to step three. 20 C.F.R. § 404.1520(c). If the claimant's impairment does not satisfy this severity threshold, however, the Commissioner must find that the claimant is not disabled. 20 C.F.R. § 404.1520(c).

At step three, the Commissioner compares the claimant's impairment to severe impairments recognized by the Commissioner to be so severe as to preclude a person from engaging in substantial gainful activity. 20 C.F.R. § 404.1520(a)(4)(iii). If the impairment is as severe or more severe than one of the enumerated impairments, the Commissioner must find the claimant disabled and award benefits. 20 C.F.R. § 404.1520(d).

If the severity of the claimant's impairment does not meet or exceed the severity of the enumerated impairments, the Commissioner must pause to assess the claimant's "residual functional capacity." Residual functional capacity (RFC), defined generally as the claimant's ability to perform physical and mental work activities on a sustained basis despite his or her limitations, 20 C.F.R. § 404.1545(a)(1), is relevant to both the fourth and fifth steps of the analysis.

At step four, the Commissioner considers whether, in view of the claimant's RFC, the claimant is capable of performing work that he or she has performed in the past (past relevant work). 20 C.F.R. § 404.1520(a)(4)(iv). If the claimant is capable of performing past relevant work, the Commissioner must find that the claimant is not disabled. 20 C.F.R. § 404.1520(f). If the claimant is incapable of performing such work, the analysis proceeds to step five.

At step five, the Commissioner considers whether, in view of the claimant's RFC, the claimant is capable of performing other work in the national economy. 20 C.F.R. § 404.1520(a)(4)(v). In making this determination, the Commissioner must also consider vocational factors such as the claimant's age, education, and past work experience. 20 C.F.R. § 404.1520(a)(4)(v). If the claimant is capable of adjusting to other work, the Commissioner must find that the claimant is not disabled. 20 C.F.R. § 404.1520(g)(1). If the claimant is not capable of adjusting to other work, analysis concludes with a finding that the claimant is disabled and is therefore entitled to benefits. 20 C.F.R. § 404.1520(g)(1).

The claimant bears the burden of proof at steps one through four above. *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999). If the analysis proceeds to step five, the burden shifts to the Commissioner to establish that (1) the claimant is capable of performing other work; and (2) such work "exists in significant numbers in the national economy." 20 C.F.R. § 404.1560(c)(2); *Beltran v. Astrue*, 700 F.3d 386, 389 (9th Cir. 2012).

## V.     ALJ'S FINDINGS

At step one, the ALJ found that Plaintiff has not engaged in substantial gainful activity since January 3, 2019, the alleged onset date. (AR 17). At step two, the ALJ found that Plaintiff has the following severe impairments: degenerative disc disease of the lumbar spine, status-post lumbosacral fusion and laminectomy, status-post removal of hardware; moderate grade partial tearing of the triangular fibrocartilage and moderate distal radial ulnar joint effusion of the right wrist; and right shoulder tendinopathy. (AR 17). At step three, the ALJ found that Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of a listed impairment. (AR 18). The ALJ then found that Plaintiff has the RFC to

> perform sedentary work as defined in 20 CFR 404.1567(a) except the claimant can climb stairs and ramps occasionally; but never climb ropes, ladders, and scaffolds. The claimant can perform balancing, stooping, kneeling, crouching, and crawling occasionally. The claimant must avoid concentrated exposure to extreme cold; and vibration. The claimant must avoid all exposure to hazards, such as heavy, dangerous machinery and unprotected heights.

(AR 19-20). At step four, the ALJ found that Plaintiff is capable of performing past relevant work as a payroll clerk. (AR 23). On that basis, the ALJ concluded that Plaintiff has not been

under a disability, as defined in the Social Security Act, from January 3, 2019, through the date of the decision.  (AR 24).

## VI.    ISSUES

Plaintiff seeks judicial review of the Commissioner's final decision denying him disability insurance benefits under Title II of the Social Security Act.  (Doc. No. 1).  Plaintiff raises the following issues for this Court's review: whether the RFC was supported by substantial evidence. (Doc. No. 13 at 13-20).

## VII.    DISCUSSION

### A. RFC

A claimant's RFC is "the most [the claimant] can still do despite [his or her] limitations." 20 C.F.R. § 404.1545(a); 20 C.F .R. § 416.945(a). The RFC assessment is an administrative finding based on all relevant evidence in the record, not just medical evidence. *Bayliss v. Barnhart*, 427 F.3d 1211, 1217 (9th Cir. 2005).  In determining the RFC, the ALJ must consider all limitations, severe and non-severe, that are credible and supported by substantial evidence in the record.  (*Id.*) (RFC determination will be affirmed if supported by substantial evidence). However, an ALJ's RFC findings need only be consistent with relevant assessed limitations and not identical to them. *Turner v. Comm'r of Soc. Sec*., 613 F.3d 1217, 1222-23 (9th Cir. 2010). Ultimately, a claimant's RFC is a matter for the ALJ to determine. *See Vertigan v. Halter*, 260 F.3d 1044, 1049 (9th Cir. 2001) ("It is clear that it is the responsibility of the ALJ ... to determine residual functional capacity.").

Plaintiff appears to argue that the assessed RFC is not supported by substantial evidence because the ALJ (1) found the only medical opinions in the record "not fully persuasive" and "[took] it upon himself to review a considerable amount of raw medical evidence dated after December 11, 2019 including examination findings, surgical procedures and imaging findings that the ALJ concedes document a deterioration of her condition to formulate his own RFC determination"; and (2) failed to provide clear and convincing reasons to discount Plaintiff's symptom claims regarding her right upper extremity.  (Doc. No. 13 at 13-20).

As to the first issue, it is well-settled that "[a]n ALJ cannot arbitrarily substitute his own

6

judgment for competent medical opinion, and he must not succumb to the temptation to play doctor and make his own independent medical findings." *Banks v. Barnhart*, 434 F. Supp. 2d 800, 805 (C.D. Cal. 2006) (internal citations omitted); *see also Tackett v. Apfel*, 180 F.3d 1094, 1102-03 (9th Cir. 1999); *Rohan v. Chater*, 98 F.3d 966, 970 (7th Cir. 1996).  However, there is some disagreement among district courts in California as to "whether some medical source [] has to interpret every probative piece of objective medical evidence before it can be used by the ALJ to formulate the RFC." *Allison R. v. Kijakazi*, 2023 WL 2721459, at *5-6 (C.D. Cal. Mar. 29, 2023) (collecting cases) (noting the "question" is further unclear after the new regulations for considering medical source opinions and subsequent Ninth Circuit case law) (citing *Penny v. Sullivan*, 2 F.3d 958 (9th Cir. 1993) ("Without a personal medical evaluation it is almost impossible to assess the residual functional capacity of any individual."); *Lail v. Kijakazi*, 2021 WL 4741431 (E.D. Cal. Oct. 12, 2021) ("Without physicians' opinions to support the ALJ's conclusions, the Court is unable to find substantial evidence supports the mental RFC determination."); *but see, e.g., Burns v. Saul*, 2020 WL 1547438, at *15 (E.D. Cal. Apr. 1, 2020) ("*Penny* did not hold that an ALJ must always secure an expert opinion to deny benefits."); *Laura C. v. Kijakazi*, 2023 WL 6304852, at *4-5 (C.D. Cal. Sept. 26, 2023) (noting the ALJ's RFC was supported by substantial evidence in the record even after the ALJ rejected all of the medical opinions in the record and "assessed greater limitations than opined by the state agency physicians").  Regardless, as discussed *infra*, considering the Court's finding that the RFC needs to be reassessed due to improper consideration of Plaintiff's symptom claims regarding her right upper extremity, it is unnecessary for the Court to address this challenge in detail here.

An ALJ engages in a two-step analysis when evaluating a claimant's testimony regarding subjective pain or symptoms. *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035-36 (9th Cir. 2007). The ALJ first must determine whether there is "objective medical evidence of an underlying impairment which could reasonably be expected to produce the pain or other symptoms alleged." *Id*. (internal quotation marks omitted).  "The claimant is not required to show that his impairment could reasonably be expected to cause the severity of the symptom he has alleged; he need only show that it could reasonably have caused some degree of the symptom." *Vasquez v. Astrue*, 572

F.3d 586, 591 (9th Cir. 2009) (internal quotation marks omitted).

Second, "[i]f the claimant meets the first test and there is no evidence of malingering, the ALJ can only reject the claimant's testimony about the severity of the symptoms if [the ALJ] gives 'specific, clear and convincing reasons' for the rejection." *Ghanim v. Colvin*, 763 F.3d 1154, 1163 (9th Cir. 2014) (internal citations and quotations omitted). "General findings are insufficient; rather, the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints." *Id*. (quoting *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995)); *Thomas v. Barnhart*, 278 F.3d 947, 958 (9th Cir. 2002) ("[T]he ALJ must make a credibility determination with findings sufficiently specific to permit the court to conclude that the ALJ did not arbitrarily discredit claimant's testimony."). "The clear and convincing [evidence] standard is the most demanding required in Social Security cases." *Garrison v. Colvin*, 759 F.3d 995, 1015 (9th Cir. 2014) (quoting *Moore v. Comm'r of Soc. Sec. Admin.*, 278 F.3d 920, 924 (9th Cir. 2002)).

Here, the ALJ generally found Plaintiff's medically determinable impairments could reasonably be expected to cause some of the alleged symptoms; however, Plaintiff's "statements concerning the intensity, persistence, and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record." (AR 20). Plaintiff argues the ALJ discredited Plaintiff's statements about her right upper extremity limitations without providing specific, clear, and convincing reasons. (Doc. No. 13 at 17-20). The Court agrees. In "considering" of Plaintiff's right arm impairments, the ALJ first summarized imaging results and treatment records including multiple steroid injections in her right wrist and right shoulder, and then went on to find Plaintiff

> testified that despite the surgical procedures she continues to have some difficulty with the extremity. However, as discussed above she continues to clean, cook, and drive. These activities require the ability to reach in all directions and perform gross and fine movements. Similarly, she also stated the impairments have not affected her ability to perform personal hygiene. Washing and brushing one's hair, brushing teeth, and washing one's face, certainly require reaching above shoulder level and performing gross and fine movements as well. The undersigned understands that the claimant may experience some degree of pain and discomfort with certain activities. However, mild to moderate pain or discomfort is not, in

8

itself, incompatible with the performance of sustained work activity.

(AR 22 (further noting that the assessed RFC accounts for her shoulder impairment by limiting her to no climbing of ladders, ropes, or scaffolds; and "the combination of all her impairments" is accommodated by limiting Plaintiff to sedentary work)).

The ALJ may consider a claimant's activities that undermine reported symptoms. *Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001). However, the Ninth Circuit has "repeatedly warned that ALJs must be especially cautious in concluding that daily activities are inconsistent with testimony about pain, because impairments that would unquestionably preclude work and all the pressures of a workplace environment will often be consistent with doing more than merely resting in bed all day." *Garrison*, 759 F.3d at 1016; *Vertigan v. Halter*, 260 F.3d 1044, 1050 (9th Cir. 2001) ("This court has repeatedly asserted that the mere fact that a plaintiff has carried on certain daily activities, such as grocery shopping, driving a car, or limited walking for exercise, does not in any way detract from her [testimony] as to her overall disability.").

Here, in support of this finding, the ALJ generally cites to Plaintiff's ability to cook, clean, and drive. (AR 22). However, the ALJ did not consider Plaintiff's simultaneous reports that she does not do her own grocery shopping, she cannot drive for more than 30 minutes, she cannot clean for more than 20-30 minutes at a time, she requires rest periods, and she has someone come help to clean twice a week. (AR 265-66, 292-94). Defendant argues "[w]hile it is true that [Plaintiff] claimed her impairments affected her activities, she was describing her back problems, not her arm problems." (Doc. No. 17 at 18-19 (citing AR 266)). However, as noted by Plaintiff, and seemingly not considered by the ALJ, Plaintiff testified at the hearing regarding further limitations specifically due to her right (dominant) upper extremity impairment, including dropping objects out of her hand when she tries to pick them up after her wrist surgery, pain when lifting or reaching, worse pain when reaching overhead, use of a wrist brace, and inability to lift more than two pounds with her right hand. (AR 49-51 (noting both her lower back and her right wrist cause her the "most trouble" while she is cooking)). The ALJ cited no evidence suggesting that the general activities cited in the decision were performed by Plaintiff in a manner

transferable to a work setting, particularly regarding Plaintiff's difficulty gripping objects and inability to lift more than two pounds with her right hand, nor did the ALJ describe activities that specifically contradict Plaintiff's reported symptom claims. *Orn v. Astrue*, 495 F.3d 625, 639 (9th Cir. 2007).

Furthermore, in considering Plaintiff's symptom claims, the ALJ must specifically identify the statements he or she finds not to be credible, and the evidence that allegedly undermines those statements. *Holohan v. Massanari*, 246 F.3d 1195, 1208 (9th Cir. 2001). "To ensure that our review of the ALJ's credibility determination is meaningful, and that the claimant's testimony is not rejected arbitrarily, we require the ALJ to specify which testimony she finds not credible, and then provide clear and convincing reasons, supported by the evidence in the record, to support that credibility determination." *Brown-Hunter v. Colvin*, 806 F.3d 487, 494 (9th Cir. 2015) (noting the ALJ did not specifically identify any inconsistencies between the claimant's testimony and the record; rather, "she simply stated her non-credibility conclusion and then summarized the medical evidence supporting her RFC determination."). Here, the ALJ did not identify the specific testimony that she found not to be credible, nor did he offer explanations for how the cited evidence of Plaintiff's ability to perform basic activities of daily living for limited periods of time undermines Plaintiff's symptom claims. Thus, the ALJ's finding that Plaintiff's daily activities were inconsistent with her claimed limitations was not a clear and convincing reason, supported by substantial evidence, to discount her symptom claims as to her right upper extremity.

As a final matter, the ALJ summarized treatment notes and imaging results regarding Plaintiff's claimed upper extremity impairments, including multiple steroid injections in her shoulder, MRI results showing tendinopathy in the right shoulder, shoulder surgery, tenderness and limited range of motion in the right wrist, MRI results showing a moderate grade partial tearing of the triangular fibrocartilage and moderate distal radial ulnar joint effusion of the right wrist, ulnar nerve block, right wrist injection, wrist surgery, and Plaintiff's report of "feeling improvement" at her post-surgical appointment in July 2021. (AR 22, 653, 678, 746, 767, 770, 998, 1235, 1253, 1259). To the extent the ALJ relied on objective evidence and treatment notes

as a reason to discount Plaintiff's right upper extremity symptom claims, it is well-settled in the Ninth Circuit that an ALJ may not discredit a claimant's pain testimony and deny benefits *solely* because the degree of pain alleged is not supported by objective medical evidence. *Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001) (emphasis added))); *Bunnell v. Sullivan*, 947 F.2d 341, 346-47 (9th Cir. 1991); *Fair v. Bowen*, 885 F.2d 597, 601 (9th Cir. 1989). As discussed above, the additional reason given by the ALJ for discounting Plaintiff's symptom claims regarding her upper extremity impairment was not supported by substantial evidence. Thus, because lack of corroboration by the objective evidence cannot stand alone as a basis for rejecting Plaintiff's symptom claims, the ALJ's finding is inadequate.[3]

The Court concludes that the ALJ did not provide clear and convincing reasons, supported by substantial evidence, for rejecting Plaintiff's symptom claims as to her right upper extremity impairment. On remand, the ALJ must reconsider Plaintiff's symptom claims and reassess the RFC.

**B. Remedy**

Plaintiff argues the Court should remand for payment of benefits, or in the alternative for further proceedings. (Doc. No. 13 at 20). The decision whether to remand for further proceedings or reverse and award benefits is within the discretion of the district court. *McAllister v. Sullivan*, 888 F.2d 599, 603 (9th Cir. 1989). An immediate award of benefits is appropriate where "no useful purpose would be served by further administrative proceedings, or where the record has been thoroughly developed," *Varney v. Sec'y of Health & Human Servs.*, 859 F.2d 1396, 1399 (9th Cir. 1988), or when the delay caused by remand would be "unduly

---

[3] Defendant generally argues that "once [Plaintiff] had surgery, her arm impairments improved or resolved." (Doc. No. 17 at 16). A favorable response to treatment can undermine a claimant's complaints of debilitating pain or other severe limitations. *See Tommasetti*, 533 F.3d at 1040. However, it is unclear to the Court whether the ALJ's reference Plaintiff's statement at one post-surgical treatment visit that she was "feeling improvement" was offered as a specific reason to discount her symptom claims. *Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1226 (9th Cir. 2009) (the Court "review[s] the ALJ's decision based on the reasoning and factual findings offered by the ALJ—not *post hoc* rationalizations that attempt to intuit what the adjudicator may have been thinking."). To the extent this was offered by the ALJ as an additional reason to discount Plaintiff's symptom claims, it does not rise to the level of a clear and convincing reason, supported by substantial evidence, to discount all of Plaintiff's symptom claims regarding her right upper extremity.

burdensome[.]" *Terry v. Sullivan*, 903 F.2d 1273, 1280 (9th Cir. 1990); *see also Garrison*, 759 F.3d at 1021 (noting that a district court may abuse its discretion not to remand for benefits when all of these conditions are met). This policy is based on the "need to expedite disability claims." *Varney*, 859 F.2d at 1401. But where there are outstanding issues that must be resolved before a determination can be made, and it is not clear from the record that the ALJ would be required to find a claimant disabled if all the evidence were properly evaluated, remand is appropriate. *See Benecke v. Barnhart*, 379 F.3d 587, 595-96 (9th Cir. 2004); *Harman v. Apfel*, 211 F.3d 1172, 1179-80 (9th Cir. 2000).

The Court finds that further administrative proceedings are appropriate. *See Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1103-04 (9th Cir. 2014) (remand for benefits is not appropriate when further administrative proceedings would serve a useful purpose). Here, the ALJ improperly considered Plaintiff's symptom claims, which calls into question whether the assessed RFC, and resulting hypothetical propounded to the vocational expert, are supported by substantial evidence. "Where," as here, "there is conflicting evidence, and not all essential factual issues have been resolved, a remand for an award of benefits is inappropriate." *Treichler*, 775 F.3d at 1101. On remand, the ALJ should reevaluate Plaintiff's symptom claims, as well as all relevant medical evidence, including medical opinions. The ALJ should order additional consultative examinations and, if appropriate, take additional testimony from medical experts. The ALJ should conduct a new sequential analysis, reassess Plaintiff's RFC and, if necessary, take additional testimony from a vocational expert which includes all of the limitations credited by the ALJ.

Accordingly, it is **ORDERED**:

1. Plaintiff's Motion for Summary Judgment (Doc. No. 13) is GRANTED.
2. Defendant's Cross Motion for Summary Judgment (Doc. No. 17) is DENIED.
3. Pursuant to sentence four of 42 U.S.C.§ 405(g), the Court REVERSES the Commissioner's decision and REMANDS this case back to the Commissioner of Social Security for further proceedings consistent with this Order.
4. An application for attorney fees may be filed by separate motion within thirty (30)

days.

5. The Clerk shall enter judgment in favor of Plaintiff, terminate any motions and deadlines, and close this case.

Dated:   February 28, 2024

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE